UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:16-CV-00096-GNS-DW

DENNIS L. PEAK                                                                                    PLAINTIFF

v.

GATES RUBBER COMPANY, INC.                                         DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Defendant's Motion for Summary Judgment (DN 23). The motion is ripe for adjudication. For the reasons detailed below, the motion is **GRANTED**.

**I.**          **BACKGROUND**

Plaintiff Dennis L. Peak ("Peak") worked for Gates Rubber Company ("Gates") in Elizabethtown, Kentucky, from August 1975 to December 2002. (Compl. ¶¶ 1-2, DN 1-2). Peak alleges that while working for Gates he inhaled hazardous chemicals such as benzene, toluene, asbestos, hexane, acetone, powdered glass, powdered limestone carbon black, and others. (Compl. ¶ 3). Peak experienced a heart attack. He was subsequently diagnosed by Dr. Paul Gerard with congestive heart failure on November 13, 2011, and with chronic obstructive pulmonary disease on November 18, 2011 by Dr. Krishan Challappa. (Def.'s Mot. Summ. J. Ex. 2, at 2, DN 23-2).

On January 12, 2016, Peak filed a complaint in Hardin County Circuit Court alleging that his congestive heart failure and chronic obstructive pulmonary disease were caused by occupational exposure to chemicals and compounds while employed at Gates. (Compl. 2).

(Compl. 3). Following the removal of the action to this Court, Gates moved for summary judgment on August 10, 2016, arguing that the suit was barred by the statute of limitations set out in KRS 413.140. (Def.'s Mem. Supp. Mot. Summ. J., DN 23). Peak did not file a response to this motion.

## II. JURISDICTION

The Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332 as there is complete diversity between Gates and Peak and the amount in controversy exceeds the sum of $75,000.00.

## III. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). There is no genuine issue of material fact when "looking to the record as a whole, a reasonable mind could come to only one conclusion . . . ." *Mickler v. Nimishillen & Tuscarawas Ry. Co.*, 13 F.3d 184, 186 (6th Cir. 1993) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986)). "When moving for summary judgment the movant has the initial burden of showing the absence of a genuine dispute as to a material fact." *Automated Sols. Corp. v. Paragon Data Sys., Inc.*, 756 F.3d 504, 520 (6th Cir. 2014) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). "The burden then shifts to the nonmovant, who must put forth enough evidence to show that there exists 'a genuine issue for trial.'" *Id.* (citing *Horton v. Potter*, 369 F.3d 906, 909 (6th Cir. 2004)).

The Court views the evidence in the light most favorable to the non-moving party, however, the non-moving party must do more than merely show the existence of some "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,

475 U.S. 574, 586 (1986) (citations omitted). Rather, the non-moving party must present facts proving that a genuine factual issue exists by "citing to particular parts of the materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute . . . ." Fed. R. Civ. P. 56(c)(1). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson*, 477 U.S. at 252.

## IV. DISCUSSION

For injuries to the person, KRS 413.140 provides a one-year statute of limitations period. *See* KRS 413.140(1)(a). Tort claims arising from diseases allegedly caused by chemicals or toxins fall under this one-year statute of limitations for personal injury. *See Combs v. Albert Kahn Assocs., Inc.*, 183 S.W.3d 190, 194 (Ky. App. 2006) ("We hold that KRS 413.410(1) is the appropriate statute of limitations for personal injury claims due to asbestos exposure."); *see also Drake v. B.F. Goodrich Co.*, 782 F.2d 638, 641 (6th Cir. 1986) (holding the plaintiffs' claims for personal injury where the plaintiffs or their decedents were exposed to toxic chemicals while employees at the defendant's plant was time-barred under KRS 413.140(1)); *Blanton v. Cooper Indus. Inc.*, 99 F. Supp. 2d 797, 801-03 (E.D. Ky. 2000) (applying KRS 413.140(1) to claims for personal injury resulting from alleged chemical exposure from electric coil plant).

A tort action for injury from latent disease caused by exposure to a harmful substance accrues, and begins the running of the limitations period on date of actual knowledge or knowledge of the probability of disease. *Louisville Tr. Co. v. Johns-Manville Prod. Corp.*, 580 S.W.2d 497, 501 (Ky. 1979). "When an injury does not manifest itself immediately, the cause of action should accrue not when the injury was initially inflicted, but when the plaintiff knew or should have known that he had been injured by the conduct of the tortfeasor." *Carroll v. Owens-*

*Corning Fiberglas Corp.*, 37 S.W.3d 699 (Ky. 2000) (internal quotation marks omitted) (citation omitted); *see Estate of Adams v. Trover*, No. 2012-CA-001877-MR, 2016 WL 100297, at *4 (Ky. App. Jan. 8, 2016) (affirming the trial court's ruling that plaintiff's claim accrued on the date she was diagnosed with breast cancer).

Here, Peak seeks damages for physical injury, mental suffering, and punitive damages. (Compl. 2). Thus, the one-year statute of limitations of KRS 413.140 would apply, and the limitations period would begin running on the date in which Peak had actual knowledge of his diseases. According to Peak's response to Gate's interrogatories, Peak was diagnosed with congestive heart failure and chronic obstructive pulmonary disease in November 2011. (Pl.'s Resp. to Interrog. No. 2). The action was filed in January 2016, which was over four years from the date Peak was diagnosed and thus became aware of his diseases. Therefore, this action is brought outside of the one-year statute of limitations, and Peak's suit is time-barred.

## V. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment (DN 23) is **GRANTED.**

Greg N. Stivers, Judge
United States District Court
November 7, 2016

cc: counsel of record

4